UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

MICHAEL RAY ROBINSON,

     Plaintiff,     Case No. 1:09-cv-133

v.            Honorable Janet T. Neff

STATE OF MICHIGAN et al.,

     Defendants.

_____/

## OPINION

   This is a civil rights action brought by a former prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the provisions of federal law, PUB. L. No. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). In applying these standards, the court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's action be dismissed because Defendants State of Michigan and State of Maryland are immune and Plaintiff fails to state a claim against Defendants Troutner and Foster.

**Discussion**

I. Factual allegations

At the time he filed the instant action, Plaintiff was incarcerated in the Ingham County Jail.  He was released on or about May 8, 2009.  In his *pro se* complaint, he sues the State of Michigan, the State of Maryland, Rae Lea Troutner and Sharon Susan Foster.  Plaintiff's complaint contains the following allegations (verbatim):

1. From 1995, the Plaintiff did file complaints against the Defendants under the Land Surface Transportation Act (Section 405).

2. 2001, the Plaintiff did file a complaint against Defendants under Homeland Security Act.

3. 2006, the Plaintiff did file a complaint with the Federal Trade Commission for unfair collection practices by the Defendants.

4. That the Plaintiff has suffered pain, suffering, and discrimination as a whistle blower under the Federal Whistle Blower Act.

5. That the Plaintiff has suffered discriminatory actions against the Plaintiff's civil and constitutional rights by actions of the Defendants.

6. That the Plaintiff has been denied proper legal assistance, while indigent and incarcerated.

7. That the Plaintiff has suffered assault, and injury while incarcerated, and denied medical treatment.

8. That the Plaintiff has been denied Habeas Corpus.

(Compl., 2-3, docket #1.)  Plaintiff seeks unspecified relief "for the pain, suffering, loss of living wage, enjoyment of life, civil, and constitutional rights denied by Defendant[']s actions." (Compl., 4.)

- 2 -

II.     <u>Immunity</u>

Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826  (6th Cir. 1993).  Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986).  Likewise, the State of Maryland is immune from civil rights suits brought in federal court. *See Clark v. Maryland Dept. of Public Safety & Corr. Serv.*, No. 08-7918, 2009 WL 646247, at *2 (4th Cir. Mar. 13, 2009).  Consequently, Plaintiff may not maintain this action against the State of Michigan or the State of Maryland.

III.    <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).   The standard requires that a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Glassner v. R.J. Reynolds Tobacco Co.*, 223 F.3d 343, 346 (6th Cir. 2001).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 127 S. Ct. at 1965; *Lewis v. ACB Business Serv., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998) (holding that a court need not

- 3 -

accept as true legal conclusions or unwarranted factual inferences).  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974; *see also United States v. Ford Motor Co.*, 532 F.3d 496, 503 (6th Cir. 2008); *United States ex rel. Bledsoe v. Comty. Health Sys., Inc.*, 501 F.3d 493, 502 (6th Cir. 2007).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff's allegations are insufficient to state a claim against Defendants Troutner and Foster.  Plaintiff does not identify Defendants Troutner and Foster in his complaint nor does he make any factual allegations against them.  It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants.  *See Veney v. Hogan*, 70 F.3d 917, 922 (6th Cir. 1995) (where complaint failed to allege wrongdoing by a particular defendant, it fell "far short of the standard that is necessary to weed out meritless actions"), *overruled in other part*, *Goad v. Mitchell*, 297 F.3d 497, 502-03 (6th Cir. 2002).  Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints.  *See Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries.")  Because Plaintiff utterly fails to allege how Defendants Troutner

and Foster violated his federal rights, his complaint must be dismissed for failure to state a claim.

## Conclusion

In light of the foregoing, the Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2), because Defendants State of Michigan and State of Maryland are immune and Plaintiff fails to state a claim against Defendants Troutner and Foster.

The Court must next decide whether an appeal of this action would be taken in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11.

A Judgment consistent with this Opinion will be entered.


Dated:  May 26, 2009                            /s/ Janet T. Neff
                                                Janet T. Neff
                                                United States District Judge